IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

     v.               Civil No. 11-5068

$89,599.12 in UNITED STATES CURRENCY                                   DEFENDANT

## O R D E R

    NOW on this 1st day of May 2012, comes on for consideration plaintiff's **Motion to Strike Claim Filed by Jamie E. Giles** (Doc. 14) to which no response has been filed. The Court has reviewed said motion and the record in this case, from which it finds and orders as follows:

    1. The government filed this civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6). The government asserts in its Verified Complaint of Forfeiture that, on July 15, 2010, $89,599.12 was seized by a police officer at a traffic stop after a determination that the currency was used or intended to be used in exchange for controlled substances.

    2. On April 11, 2011, Claimant, Jamie Giles, filed a Verified Claim for Property in which he asserts that the $89,599.12 in currency seized is his property. Mr. Giles was a passenger in the vehicle from which the money was seized. Mr. Giles asserts that he was on a trip at the time of the traffic stop and that the money seized was money he had earned legally in his business.

3.     Plaintiff served interrogatories and document requests on Mr. Giles to which he initially responded.  On March 9, 2012, the government filed a motion to compel asserting that Mr. Giles' responses were incomplete and evasive.  Mr. Giles did not respond to the motion to compel.

In the discovery requests served on Mr. Giles, the government was seeking to discover information related to Mr. Giles' claim that he was the lawful owner of the money seized in this case.  The government also sought copies of hotel and fuel receipts from Mr. Giles' trip, his monthly bank statements, W-2s and tax returns.

On March 28, 2012, the Court entered an Order (Doc. 13) granting the motion to compel, finding that the discovery sought was relevant to the claim at issue.  The Court ordered Mr. Giles to submit supplemental responses to the government's discovery requests within 14 days of the Order.

4.     On April 13, 2012, the government filed the present motion to strike, in which it asserts that Mr. Giles has not submitted supplemental responses as ordered by this Court.  For this reason, the government asks this Court to strike Mr. Giles' Claim and enter default judgment as a sanction for Mr. Giles' failure to comply with this Court's Order.

5.     Rule 37(b) of the Federal Rules of Civil Procedure provides as follows:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may

issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Any sanction imposed must be just and specifically related to the claim at issue in the discovery order. *See Hairston v. Alert Safety Light Prods.*, 307 F.3d 717, 719 (8th Cir. 2002). "[D]ismissal may be considered as a sanction only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000) (internal citation omitted).

Further, "before imposing the sanction of dismissal, fairness requires a court to consider whether a lesser sanction is available or appropriate." *Keefer*, 238 F.3d at 941 (internal citation omitted). "The district court is not, however, constrained to impose the least onerous sanction available, but may exercise its

discretion to choose the most appropriate sanction under the circumstances." *Id.* (internal citation omitted).

6.   In this case, the government is seeking the most burdensome sanction -- dismissal of Mr. Giles' claim and a default judgment in its favor. Before imposing such a sanction, the Court must find that there has been a willful violation of the Court's Order.

The Court will direct that Mr. Giles show cause within **fourteen (14) days** of this Order as to why he did not comply with the Court's Order of March 28, 2012, and why sanctions should not be imposed against him in this case. Mr. Giles is hereby advised that, if he does not appear and show cause as directed herein, then the Court will dismiss his claim to the seized money and grant a default judgment in the government's favor.

**IT IS THEREFORE ORDERED** that the government's **Motion to Strike Claim Filed by Jamie E. Giles** (Doc. 14) is taken under advisement.

**IT IS SO ORDERED.**

                                                         /s/ Jimm Larry Hendren
                                                  **HON. JIMM LARRY HENDREN**
                                                  **UNITED STATES DISTRICT JUDGE**