```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

          v.              Civil No. 11-5068

**$89,599.12 in UNITED STATES CURRENCY**                        **DEFENDANT**

<u>O R D E R</u>

NOW on this 29th day of May 2012, this case comes on for consideration.

1. The government filed this civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6). The government asserts in its Verified Complaint of Forfeiture that, on July 15, 2010, $89,599.12 was seized by a police officer at a traffic stop after a determination that the currency was used or intended to be used in exchange for controlled substances.

2. On April 11, 2011, Claimant, Jamie Giles, filed a Verified Claim for Property in which he asserts that the $89,599.12 in currency seized is his property. Mr. Giles was a passenger in the vehicle from which the money was seized. Mr. Giles asserts that he was on a trip at the time of the traffic stop and that the money seized was money he had earned legally in his business.

3. Plaintiff served interrogatories and document requests on Mr. Giles to which he initially responded. On March 9, 2012, the government filed a motion to compel asserting that Mr. Giles'

responses were incomplete and evasive.  Mr. Giles did not respond to the motion to compel.

In the discovery requests served on Mr. Giles, the government was seeking to discover information related to Mr. Giles' claim that he was the lawful owner of the money seized in this case.  The government also sought copies of hotel and fuel receipts from Mr. Giles' trip, his monthly bank statements, W-2s and tax returns.

On March 28, 2012, the Court entered an Order (Doc. 13) granting the motion to compel, finding that the discovery sought was relevant to the claim at issue.  The Court ordered Mr. Giles to submit supplemental responses to the government's discovery requests within 14 days of the Order.

4.  On April 13, 2012, the government filed a motion to strike, in which it asserted that Mr. Giles did not submit supplemental responses as ordered by this Court.  The government asked this Court to strike Mr. Giles' Claim and enter default judgment as a sanction for Mr. Giles' failure to comply with this Court's Order.

5.  On May 2, 2012, the Court entered an Order (Doc. 16) directing that Mr. Giles show cause within fourteen (14) days as to why he did not comply with the Court's Order of March 28, 2012, and why sanctions should not be imposed against him in this case.  The Court further advised Mr. Giles that, if he failed to appear and show cause as directed, then the Court would dismiss his claim to

the seized money and grant a default judgment in the government's favor.

Mr. Giles has not shown cause as directed by this Court. Nor has Mr. Giles communicated with this Court or submitted anything to the Court since he filed his claim on April 11, 2011, more than one year ago.

     5. Rule 37(b) of the Federal Rules of Civil Procedure provides as follows:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>     (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>     (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>     (iii) striking pleadings in whole or in part;
>
>     (iv) staying further proceedings until the order is obeyed;
>
>     (v) dismissing the action or proceeding in whole or in part;
>
>     (vi) rendering a default judgment against the disobedient party; or
>
>     (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Any sanction imposed must be just and specifically related to the claim at issue in the discovery order. *See Hairston v. Alert Safety Light Prods.*, 307 F.3d 717, 719 (8th Cir. 2002). "[D]ismissal may be considered as a sanction only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000) (internal citation omitted).

Further, "before imposing the sanction of dismissal, fairness requires a court to consider whether a lesser sanction is available or appropriate." *Keefer*, 238 F.3d at 941 (internal citation omitted). "The district court is not, however, constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Id.* (internal citation omitted).

6. In this case, there is no dispute that there was (1) an order compelling discovery (Doc. 13); (2) a violation of that Order; and (3) prejudice to the other party, *i.e.*, the government cannot evaluate Mr. Giles' claim to the seized money absent his responses to the discovery requests. The Court further finds that Mr. Giles' failure to respond is willful and that dismissal of his claim -- while it is the most burdensome sanction -- is appropriate because Mr. Giles refuses to comply with the discovery rules and this Court's Orders.

**IT IS THEREFORE ORDERED** that the government's **Motion to Strike Claim Filed by Jamie E. Giles** (Doc. 14) is **GRANTED**.  The government is hereby directed to prepare a proposed judgment and submit it to the Court for its consideration.

**IT IS SO ORDERED.**

**/s/ Jimm Larry Hendren**
**HON. JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**
